IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVY FANGUE | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| ASI LLOYDS | § | |
| | § | |

## NOTICE OF REMOVAL

Defendant ASI Lloyds ("ASI"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *Davy Fangue v. ASI Lloyds;* Cause No. 2015-19589 on the docket of the 152nd Judicial District Court of Harris County, Texas. In support of this Notice of Removal, ASI respectfully represents the following:

1. Davy Fangue ("Plaintiff") commenced the captioned action against ASI Lloyds on April 6, 2015 by filing Plaintiff's Original Petition (the "Petition") in the 152nd Judicial District Court of Harris County, Texas.

2. A copy of all process, pleadings, orders, and the docket sheet in the state court action are filed herewith. [*See* Index of Matters Being Filed, (a) State Court Petition; (b) Citation for ASI Lloyds; and (c) Docket Sheet].

3. The Petition avers that Plaintiff resides in Harris County, Texas (Petition, ¶ 1). The Petition alleges that ASI is "an insurance company doing business in the State of Texas." (Petition, ¶ 2). In fact, Defendant, ASI Lloyds was, and at the date of this Notice remains, an unincorporated association of 10 underwriters. For diversity purposes, the citizenship of an

unincorporated association is determined by the citizenship of each member of the entity.[1] The members of ASI Lloyds are the underwriters alone.[2] The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, Gregory E. Stewart, John F. Auer, Jr., Robert K. Munns, Jr., Edwin L. Cortez, Mary F. Bacon, Antonio Scognamiglio, and Philip L. Brubaker. Each of these underwriters is a citizen of the State of Florida and resides outside the state of Texas as of the commencement of this lawsuit and its subsequent removal. Because each of the underwriters is a citizen of a state other than Texas, ASI Lloyds is not a Texas citizen.[3]

4. The Petition alleges that Plaintiff owns property in Katy, Texas insured under an Insurance Policy issued by ASI (Petition, ¶¶ 7 & 8). The Petition alleges that Plaintiff suffered damages as a result of a storm at his residence on or about September 7, 2014. (Petition, ¶¶ 7 & 8). The Petition further alleges Plaintiff submitted a claim for the damage, (Petition, ¶ 8), at which point ASI allegedly denied and/or underpaid Plaintiff's claim for damages to the Property. (Petition, ¶ 9).

5. This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. Section 1446(b).

6. ASI does not admit the underlying facts as alleged by Plaintiff or as summarized above. Further, ASI expressly denies that it has any liability to Plaintiff.

---

[1] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990).

[2] *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.")

[3] *Massey v. State Farm Lloyd's*, 993 F.Supp. 568, 570 (S.D. Tex. 1998) ("Because no member of State Farm Lloyd's is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").

## DIVERSITY JURISDICTION

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff is a citizen of Texas. ASI is a citizen of Florida. *Getty Oil Corp. v. Insurance Co. Of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988). Consequently, there is complete diversity of citizenship.

8. The amount in controversy exceeds the jurisdiction minimum of $75,000 set by 28 U.S.C. § 1332(a). In the Petition, Plaintiff alleges that he seeks "monetary relief over $100,000. . . ." (Petition, ¶4). Plaintiffs also seek penalties, costs, expenses, pre-judgment interest, and attorney fees. (Petition, ¶¶ 14-26). Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes. *See H & D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000). Given the nature of Plaintiff's claims against Defendant, the alleged damages in this action clearly exceed $75,000, exclusive of interest and costs. *See Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994).

9. Moreover, because Plaintiffs in Texas are not limited to recovery of damages requested in their pleadings, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. No binding stipulation or affidavit was filed with Plaintiff's Petition.

10. Additionally, Defendant submitted the attached proposed Stipulation to Plaintiff

for execution regarding the amount in controversy and Plaintiff refused to stipulate that the damages were less than $75,000. (*See* Ex. A, correspondence and stipulation addressed to Richard Daly.)

### REMOVAL PROCEDURE

11. The clerk of the County Court at Law #2 of Montgomery County, Texas has been provided notice of this removal.

12. Pursuant to Local Rule 81, copies of the following documents are hereby provided to the clerk for filing in connection with this Notice of Removal:

    a. An index of matters being filed;

    b. The state court file, including any and all executed process, pleadings and exhibits thereto, state court orders, and the state court docket sheet; and

    c. A list of all counsel of record.

WHEREFORE, ASI hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ LaDonna G. Schexnyder*
LaDonna G. Schexnyder
Texas Bar No. 24072938
  Federal ID No. 1096795
lschexnyder@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
9311 Bluebonnet Blvd., Suite A
Baton Rouge, LA  70810
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195

ATTORNEY-IN-CHARGE FOR DEFENDANT, ASI LLOYDS

OF COUNSEL:
Rebecca A. Moore
Texas Bar No. 24031701
Federal ID No. 31001
rmoore@lawla.com

LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
815 Walker Street, Suite 1447
Houston, Texas 77002
Telephone: (713) 222-1990
Facsimile: (713) 222-1996

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of May 2015, a copy of the foregoing has been served upon all counsel of record in this action by ECF Filing and/or facsimile to:

Mr. Richard D. Daly
Daly & Black
2211 Norfolk St. Suite 800
Houston, TX 77098

/s/ LaDonna G. Schexnyder
LaDonna G. Schexnyder

CAUSE NO. 2015-19589

| | | |
|---|---|---|
| DAVY FANGUE | § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ASI LLOYDS | § | |
|     Defendant | § | 152ND JUDICIAL DISTRICT |

## STIPULATION

NOW INTO COURT, through the undersigned counsel, come Plaintiff, Davy Fangue, and his wife, Kim Fangue, and Defendant, ASI Lloyds ("ASI"), who hereby agree and stipulate that:

1.

The total damages sought by Plaintiff, Davy Fangue, and his wife, Kim Fangue, against ASI for all elements of damage does not exceed the sum of $75,000, including exemplary and punitive damages, penalties, and attorneys' fees, but exclusive of interest and costs.

2.

Plaintiff, Davy Fangue, and his wife, Kim Fangue, will not seek or accept any damages, recovery and/or award that may be rendered in the above-captioned matter in excess of $75,000 as described in Paragraph 1 of this Stipulation. Plaintiff, Davy Fangue, and his wife, Kim Fangue, hereby renounce any judgment in excess of $75,000, exclusive of interest and costs, which might be rendered in their favor.

Respectfully submitted,

Daly & Black, P. C.

By: _____
Richard D. Daly
Texas Bar No. --796429



EXHIBIT A

2211 Norfolk St., Suite 800
Houston, Texas 77098
Telephone: (713) 655-1405
Facsimile: (713) 655-1587

ATTORNEYS FOR PLAINTIFF,
DAVY FANGUE

AND

Lugenbuhl, Wheaton, Peck, Rankin & Hubbard

By: __/s/ LaDonna G. Schexnyder_____
    LaDonna G. Schexnyder
    Texas Bar No. 24072938

9311 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70809
Telephone: (504) 568-1990
Facsimile: (504) 310-9195

ATTORNEYS FOR DEFENDANT,
ASI LLOYDS

## CERTIFICATE OF SERVICE

    I hereby certify that on this the _____ day of April, 2015, a copy of the foregoing has been served upon all counsel of record in this action by certified mail, return receipt requested, properly addressed to:

Richard D. Daly
John Scott Black
Ana M. Ene
Matthew Worrall
Daly & Black, P. C.
2211 Norfolk St., Suite 800
Houston, Texas 77098

_____
LaDonna G. Schexnyder

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
9311 BLUEBONNET BOULEVARD | SUITE A | BATON ROUGE, LA 70810
TEL: 504.568.1990 | FAX: 504.310.9195

LaDonna G. Schexnyder
lschexnyder@lawla.com

April 24, 2015

**Via Email**
Ms. Ana Ene
DALY & BLACK, P. C.
2211 Norfolk St., Suite 800
Houston, Texas 77098

      Re:   *Davy Fangue v. ASI Lloyds*
             152nd District Court, Harris County, C.A. No. 2015-19589
             Our File No.: 36595-150205

Dear Ana:

After review of both the claim file and Plaintiff's Original Petition, to avoid removal based on diversity jurisdiction, the Fifth Circuit has held that a plaintiff must file a binding stipulation or affidavit with the petition irrevocably committing the plaintiff to a judgment of less than $75,000, excluding interest and costs. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

We have enclosed a stipulation that satisfies the requirements of *De Aguilar*. If you intend to avoid removal based on the amount in controversy in this lawsuit, we ask that you sign and return the stipulation to us by facsimile at (504) 310-9195 and regular mail at your earliest convenience. If we have not heard from you by 12:00 p.m. on Thursday, April 30, 2015, we will assume you do not unconditionally agree that the amount in controversy is less than the minimum jurisdictional amount and we will use this correspondence as a basis for establishing the amount in controversy for diversity jurisdiction.

If you would like to discuss this matter, please feel free to call me.

                        Sincerely,

                        s/LaDonna G. Schexnyder

                        LaDonna G. Schexnyder

LGS

Enclosure