# CIVIL CASE INFORMATION SHEET

4/6/2015 12:29:37 PM
**Chris Daniel - District Clerk**
**Harris County**
Envelope No: 4769874
By: DEWALT, SHERRYL
Filed: 4/6/2015 12:29:37 PM

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2015-19589 / Court: 152**     COURT *(FOR CLERK USE ONLY):*

STYLED   DAVY FANGUE VS. ASI LLOYDS

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:** Richard D. Daly | **Email:** rdaly@dalyblack.com | **Plaintiff(s)/Petitioner(s):** DAVY FANGUE | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| **Address:** 2211 Norfolk St, Ste 800 | **Telephone:** 713.655.1405 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, TX 77098 | **Fax:** 713.655.1587 | **Defendant(s)/Respondent(s):** ASI LLOYDS | **Custodial Parent:** |
| **Signature:** /s/ Richard D. Daly | **State Bar No:** 00796429 | | **Non-Custodial Parent:** |
| | | *[Attach additional page as necessary to list all parties]* | **Presumed Father:** |

## 2. Indicate case type or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law |
|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** / **Post-judgment Actions (non-Title IV-D)** |

**Civil**

**Contract**

*Debt/Contract*
- ☒Consumer/DTPA
- ☐Debt/Contract
- ☐Fraud/Misrepresentation
- ☐Other Debt/Contract:

*Foreclosure*
- ☐Home Equity—Expedited
- ☐Other Foreclosure
- ☐Franchise
- ☐Insurance
- ☐Landlord/Tenant
- ☐Non-Competition
- ☐Partnership
- ☐Other Contract:

**Injury or Damage**
- ☐Assault/Battery
- ☐Construction
- ☐Defamation

*Malpractice*
- ☐Accounting
- ☐Legal
- ☐Medical
- ☐Other Professional Liability:

- ☐Motor Vehicle Accident
- ☐Premises

*Product Liability*
- ☐Asbestos/Silica
- ☐Other Product Liability List Product:

- ☐Other Injury or Damage:

**Real Property**
- ☐Eminent Domain/ Condemnation
- ☐Partition
- ☐Quiet Title
- ☐Trespass to Try Title
- ☐Other Property:

**Related to Criminal Matters**
- ☐Expunction
- ☐Judgment Nisi
- ☐Non-Disclosure
- ☐Seizure/Forfeiture
- ☐Writ of Habeas Corpus— Pre-indictment
- ☐Other:

**Family Law**

**Marriage Relationship**
- ☐Annulment
- ☐Declare Marriage Void

*Divorce*
- ☐With Children
- ☐No Children

**Other Family Law**
- ☐Enforce Foreign Judgment
- ☐Habeas Corpus
- ☐Name Change
- ☐Protective Order
- ☐Removal of Disabilities of Minority
- ☐Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐Enforcement
- ☐Modification—Custody
- ☐Modification—Other

**Title IV-D**
- ☐Enforcement/Modification
- ☐Paternity
- ☐Reciprocals (UIFSA)
- ☐Support Order

**Parent-Child Relationship**
- ☐Adoption/Adoption with Termination
- ☐Child Protection
- ☐Child Support
- ☐Custody or Visitation
- ☐Gestational Parenting
- ☐Grandparent Access
- ☐Parentage/Paternity
- ☐Termination of Parental Rights
- ☐Other Parent-Child:

**Employment**
- ☐Discrimination
- ☐Retaliation
- ☐Termination
- ☐Workers' Compensation
- ☐Other Employment:

**Other Civil**
- ☐Administrative Appeal
- ☐Antitrust/Unfair Competition
- ☐Code Violations
- ☐Foreign Judgment
- ☐Intellectual Property

- ☐Lawyer Discipline
- ☐Perpetuate Testimony
- ☐Securities/Stock
- ☐Tortious Interference
- ☐Other:

**Tax**
- ☐Tax Appraisal
- ☐Tax Delinquency
- ☐Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- ☐Dependent Administration
- ☐Independent Administration
- ☐Other Estate Proceedings

- ☐Guardianship—Adult
- ☐Guardianship—Minor
- ☐Mental Health
- ☐Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

- ☐Appeal from Municipal or Justice Court
- ☐Arbitration-related
- ☐Attachment
- ☐Bill of Review
- ☐Certiorari
- ☐Class Action

- ☐Declaratory Judgment
- ☐Garnishment
- ☐Interpleader
- ☐License
- ☐Mandamus
- ☐Post-judgment

- ☐Prejudgment Remedy
- ☐Protective Order
- ☐Receiver
- ☐Sequestration
- ☐Temporary Restraining Order/Injunction
- ☐Turnover

## 4. Indicate damages sought *(do not select if it is a family law case):*

- ☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐Less than $100,000 and non-monetary relief
- ☒Over $100, 000 but not more than $200,000
- ☒Over $200,000 but not more than $1,000,000
- ☐Over $1,000,000

Certified Document Number: ☐☐☐☐☐☐

Rev 2/13



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this ___May 4, 2015___

Certified Document Number:        64901564 Total Pages: 1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CERTIFIED MAIL BY CONSTABLE

RECEIPT NUMBER _____ 75.00
TRACKING NUMBER ___73119063_____ C01

CAUSE NUMBER ___201519589___

| | |
|---|---|
| PLAINTIFF: FANGUE, DAVY<br>vs.<br>DEFENDANT: ASI LLOYDS | In The 152nd<br>Judicial District Court of<br>Harris County, Texas |

## CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

TO: ASI LLOYDS IS AN INSURANCE COMPANY DOING BUSINESS IN THE STATE
OF TEXAS THROUGH ITS REGISTERED AGENT RODNEY D BUCKER VIA Delivery this APR 10 2015 20____
CERTIFIED MAIL

700 NORTH PEARL ST, 25TH FLOOR  DALLAS TX 752012825

ALAN ROSEN, Constable
Precinct #1, Harris County

Attached is a copy of ___PLAINTIFF'S ORIGINAL PETITION___   By _____ 1C24 _____
~~Deputy~~

This instrument was filed on the ___6th___ day of ___April_____, 20__15__ , in the
above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___6th___ day of
_____April_____, 20__15__.

Issued at request of:
DALY, RICHARD D.
2211 NORFOLK ST SUITE 800
HOUSTON, TX 77098
Tel: (713) 655-1405
Bar Number: 796429

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: DEWALT, SHERRYL    DBK//10069548

## OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20____, at _____ o'clock ___.M., endorsed
the date of delivery thereon, and executed it at _____, _____,
                                                              (street address)                    (city)
in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ___. M.,
by delivering to _____, by delivering to its
                           (the defendant corporation named in citation)
_____, in person, whose name is _____,
(registered agent, president, or vice-president)
a true copy of this citation, with a copy of the _____ Petition attached,
                                                        (description of petition, e.g., "Plaintiffs Original")
and with accompanying copies of _____.
                                          (additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____         By: _____
                                       (signature of officer)
                        Printed Name: _____
_____   As Deputy for: _____
Affiant Other Than Officer                     (printed name & title of sheriff or constable)

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

RECEIVED
APR 15 2015
TCCI

_____
Notary Public

N.INT.CITC.P

4/6/2015 12:29:37 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4769874
By: Sherryl Dewalt
Filed: 4/6/2015 12:29:37 PM

# 2015-19589 / Court: 152

CAUSE NO._____

| | | |
|---|---|---|
| DAVY FANGUE | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ASI LLOYDS | § | |
| | § | |
| Defendant | § | _____ JUDICIAL DISTRICT |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Davy Fangue ("Mr. Fangue"), Plaintiff herein, files this Original Petition against Defendant ASI Lloyds ("ASI") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.      Davy Fangue is a Texas resident who resides in Harris County, Texas.

2.      ASI is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Rodney D. Bucker, via certified mail at 700 North Pearl St, 25th Floor, Dallas, TX 75201-2825.

### II.
### DISCOVERY

3.      This case is intended to be governed by Discovery Level 2.

### III.
### CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of

any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendant refuses to cooperate in discovery, makes frivolous and unwarranted objections, files needless motions, quashes depositions and discovery requests without a reasonable basis, asserts unjustified or false affirmative defenses, makes unwarranted special exceptions, hires individuals they claim to be "experts" who give false opinions or testimony, produces witnesses who commit perjury, conducts excessive discovery, or otherwise needlessly delays litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. In particular, the loss at issue occurred in Harris County.

## V.
## FACTUAL BACKGROUND

7.      Mr. Fangue is a named insured under a property insurance policy issued by ASI.

8.      On or about September 7, 2014 a storm hit the Katy, Texas area, damaging Mr. Fangue's house and other property.  Mr. Fangue subsequently filed a claim on his insurance policy.

9.      Defendant improperly denied and/or underpaid the claim.

2

10.     The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.     This unreasonable investigation led to the underpayment of Plaintiff's claim.

12.     Moreover, ASI performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.     ASI had a contract of insurance with Plaintiff.  ASI breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of ASI to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

16.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.     Bad Faith/DTPA**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated § 541.060 by:

3

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.     Defendant violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

21.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22.     Defendant has violated the Texas Deceptive Trade Practices Act in the following respects:

4

(1)     Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     ASI failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     ASI, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that ASI took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

23.     Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.     Attorneys' Fees**

24.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

5

26.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

29.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Davy Fangue prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Fangue be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Fangue may show himself to be justly entitled.

Respectfully submitted,

DALY & BLACK, P.C.

By:      /s/ Richard D. Daly
         Richard D. Daly
         TBA No. 00796429
         rdaly@dalyblack.com
         John Scott Black
         TBA No. 24012292
         jblack@dalyblack.com
         Ana M. Ene
         TBA No. 24076368
         aene@dalyblack.com
         William X. King
         TBA No. 24072496
         wking@dalyblack.com
         2211 Norfolk St., Suite 800
         Houston, Texas 77098
         713.655.1405—Telephone
         713.655.1587—Fax

ATTORNEYS FOR PLAINTIFF
DAVY FANGUE

7

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Richard D. Daly, Daly & Black, P.C., 2211 Norfolk St, Suite 800, Houston, Texas 77098; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Daly & Black, P.C. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.      You know the response made was incorrect or incomplete when made; or

b.      You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

### DEFINITIONS AND INSTRUCTIONS

A.      These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.      If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.      If you claim that any document which is required to be identified or produced by you in any response is privileged:

8

1. Identify the document's title and general subject matter;
2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D.   "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys.  The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.   "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.   In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.   If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.   "Plaintiffs" and "Plaintiff'" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

9

Respectfully submitted,

DALY & BLACK, P.C.


By:   /s/ Richard D. Daly
         Richard D. Daly
         TBA No. 00796429
         rdaly@dalyblack.com
         John Scott Black
         TBA No. 24012292
         jblack@dalyblack.com
         Ana Ene
         TBA No. 24076368
         aene@dalyblack.com
         William X. King
         TBA No. 24072496
         wking@dalyblack.com
         2211 Norfolk St., Suite 800
         Houston, Texas 77098
         713.655.1405—Telephone
         713.655.1587—Fax

ATTORNEYS FOR PLAINTIFF
DAVY FANGUE


## CERTIFICATE OF SERVICE

     I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

           /s/ Richard D. Daly
           Richard D. Daly

## INTERROGATORIES TO DEFENDANT ASI

1.   Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

     ANSWER:

2.   Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

     ANSWER:

3.   Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

     ANSWER:

4.   Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages?  If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

     ANSWER:

5.   Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information?  If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

     ANSWER:

6.   At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

     ANSWER:

7.   Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

     ANSWER:

8.     Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:

9.     Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10.    To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:

11.    State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

12.    Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13.    To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14.    To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

15.    To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

ANSWER:

16.     To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

        ANSWER:

17.     State the date Defendant first anticipated litigation.

        ANSWER:

18.     State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

        ANSWER:

19.     Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole.  This is limited to within 5 miles of Plaintiff's(s') insured property.

        ANSWER:

20.     Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

        ANSWER:

21.     Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim.  This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

        ANSWER:

22.     List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue to date.

        ANSWER:

**REQUESTS FOR PRODUCTION TO DEFENDANT ASI**

1.      The following insurance documents issued for the Property as identified in the Petition:
        a.   the policy at issue for the date of loss as identified in the Petition; and
        b.   the policy declarations page for the 3 years preceding the storm.

      RESPONSE:

2.      Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

      RESPONSE:

3.      All documents relating to the condition or damages of the Property or any insurance claim on the Property.

      RESPONSE:

4.      All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

      RESPONSE:

5.      All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

      RESPONSE:

6.      All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

      RESPONSE:

7.      All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

      RESPONSE:

14

8.      All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.     To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.     A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12.     All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.     All Texas insurance licenses and/or certifications in effect at the time of the claims arising out of the storms at issue for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

RESPONSE:

15

14.    If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.    Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.    All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

17.    All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

18.    All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

19.    All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff(s).

RESPONSE:

20.    Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

21.     All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the date of loss claimed by Plaintiff(s).

RESPONSE:

22.     Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

23.     For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

RESPONSE:

24.     Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

25.     All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26.     All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.     All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

29.     To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

        RESPONSE:

30.     A List of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue to date.

        RESPONSE:

18

## FIRST SET OF REQUESTS FOR ADMISSIONS TO ASI

**REQUEST FOR ADMISSION NO. 1.**  Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**  Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.**  Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

**CERTIFIED MAIL**

U.S. POSTAGE >> PITNEY BOWES

ZIP 77002
02 1W $ 012.87⁰
0001371269 APR. 10. 2015

HARRIS CO CONSTABLE PCT 1
Civil Division
1302 PRESTON ST STE 312
Houston     TX     77002

7190 1037 6610 0000 8186

RECEIVED

APR 15 2015

**TCCI**

addressee only, restricted delivery!

ASI LLOYDS
BY SERVING THROUGH ITS REGIS. AGENT
RODNEY D BUCKER
700 NORTH PEARL ST 25TH FLOOR
DALLAS     TX   75201

PLEASE
DO NOT FORWARD
ADDRESS LISTED ONLY!

RETURN SERVICE REQUESTED

**CERTIFIED MAIL BY CONSTABLE**

TR# 7190 1037 6610 0000 8186

RECEIPT NUMBER _____ 75.00

TRACKING NUMBER _____ 73119063 _____ CO1

CAUSE NUMBER _____ 201519589 SBM# JU447034

| | |
|---|---|
| PLAINTIFF: FANGUE, DAVY | In The 152nd |
| vs. | Judicial District Court of |
| DEFENDANT: ASI LLOYDS | Harris County, Texas |

2015-19589
P4

### CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

**F I L E D**
Chris Daniel
District Clerk

APR 24 2015

Time: _____

By _____
Harris County, Texas
Deputy

TO: ASI LLOYDS IS AN INSURANCE COMPANY DOING BUSINESS IN THE STATE
OF TEXAS THROUGH ITS REGISTERED AGENT RODNEY D BUCKER VIA
CERTIFIED MAIL

700 NORTH PEARL ST, 25TH FLOOR DALLAS TX 752012825

Attached is a copy of _____ PLAINTIFF'S ORIGINAL PETITION _____ .

This instrument was filed on the _____ 6th _____ day of _____ April _____ , 20 _15_ , in the
above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this _____ 6th _____ day of
_____ April _____ , 20 _15_.

Issued at request of:
DALY, RICHARD D.
2211 NORFOLK ST SUITE 800
HOUSTON, TX 77098
Tel: (713) 655-1405
Bar Number: 796429

*Chris Daniel*
CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: DEWALT, SHERRYL DBK//10069548

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____ , 20 _____ , at _____ o'clock _____ .M., endorsed

the date of delivery thereon, and executed it at _____ , _____
(street address)                    (city)

in _____ County, Texas on the _____ day of _____ , 20 _____ , at _____ o'clock _____ . M.,

by delivering to _____ , by delivering to its
(the defendant corporation named in citation)

_____ , in person, whose name is _____ ,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
(description of petition, e.g., "Plaintiffs Original")

and with accompanying copies of _____ .
(additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____ , 20 _____ .

FEE: $ _____ By: _____
(signature of officer)

Printed Name: _____

As Deputy for: _____
(printed name & title of sheriff or constable)

Affiant Other Than Officer

On this day, _____ , known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____ , 20 _____

_____
Notary Public

N.JNT.CTC.P





RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 65189681 - Page 1 of 4

CONFIRMED FILE DATE: 4/24/2015



# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
**Precinct One**

www.pct1constable.net

---

### OFFICER'S RETURN FOR CERTIFIED MAIL

Received this CITATION, case # <u>201519589</u> on the <u>10</u><sup>TH</sup> day of <u>APRIL</u> <u>2015</u> at <u>12:29</u> <u>P.M.</u>

Executed at <u>700 NORTH PEARL ST 25TH FLOOR DALLAS TX 752012825</u> by mailing to the within name

<u>ASI LLOYDS BY SERVING ITS REGIS. AGENT RODNEY D. BUCKER</u> and by delivering to <u>BRUNO</u>

<u>JUERECA</u> on the <u>15</u><sup>TH</sup> day of <u>APRIL 2015</u> BY REGISTERED/**CERTIFIED** MAIL WITH DELIVERY

RESTRICTED TO ADDRESSEE ONLY, a true copy of this Citation together with a copy of PLAINTIFF'S

ORIGINAL PETITION.

FEE : $75.00

**FILED**
Chris Daniel
District Clerk

APR 2 4 2015

Time: _800_
By_____ Harris County, Texas
Deputy

**ALAN ROSEN, CONSTABLE**
**PCT #1, HARRIS COUNTY TX**

**DEPUTY:** _____

Certified Document Number: 6518968I - Page 2 of 4

---

MAIN OFFICE: County Courthouse Annex # 2
1302 Preston, 3rd Floor, Houston, TX 77002 Ph. (713) 755-5200

PATROL OFFICE: County Courthouse Annex #31
7300 N. Shepherd, Suite 120, Houston, TX 77091 Ph. (713) 697-3600

County Auditor's Form/9999A      **Official Receipt**
Harris County, Texas (Rev 04/01)           **101 NO. 170141**

# CHRIS DANIEL DISTRICT CLERK

Case: 201519589-7     Trans ID: 208221957     Court: 152

Action : Insurance

Style    PLT: FANGUE, DAVY
        DEF: ASI LLOYDS

| Fee | Description | Amount |
|-----|-------------|--------|
| 100 | FILING NEW CASE | $50.00 |
| 121 | CITATION WITH 1 COPY | $8.00 |
| 175 | DISTRICT COURT RECORDS ARCHIVE FEE | $10.00 |
| 176 | DIGITAL REC PRESERVATION FEE | $10.00 |
| 178 | ELECTRONIC FILING FEE - STATE | $20.00 |
| 179 | ELECTRONIC FILING FEE - DCO | $2.00 |
| 195 | SECURITY SERVICE FEE | $5.00 |
| 198 | DIST CLK RECORDS MGMT & PRES FEE | $5.00 |
| 199 | RECORD PRESERVATION FEE | $5.00 |
| 298 | SERVICE COPIES | $4.75 |
| 350 | CONST-PERSONAL SERVICE | $75.00 |
| 378 | CONST-CERTIFIED MAIL | $15.00 |
| 450 | JUDICIAL FILING FEE - CIVIL | $50.00 |
| 452 | LEGAL SRVCS FEE-CIVIL/DIST | $10.00 |
| 453 | SUPPORT OF JUDICIARY FEE | $42.00 |
| 475 | LAW LIBRARY | $15.00 |
| 525 | STENO FEE | $15.00 |
| 601 | DISPUTE RESOLUTION FEE | $10.00 |
| 775 | APPELLANT JUDICIAL FUND | $5.00 |

| | | | |
|---|---|---|---|
| Payment   Texas.gov Mastercard | 74376/1/2018 | | $356.75 |
| Amount Tendered : | | | $356.75 |
| Payment Amount: | | | $356.75 |
| Amount Applied: | | | $356.75 |
| Change Amount: | | | $0.00 |
| Received | Daly & Black PC | 10022029 | |
| Of | 2211 Norfolk St., Suite 800 | | |
| | Houston, TX  77098 | | |

THREE HUNDRED FIFTY SIX  AND 75/100 ****************************Dollars

Payment Date: 4/6/2015         File Date: 4/6/2015

Customer Signature _____

Assessed By: DEWALT, SHERRYL
Validated: 4/6/2015     By ·SYSTEM GENERATED, Texas.gov 101

Comment:  Envelope number: 4769874 - 0



**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 04/20/2015

HARRIS COUNTY CONSTABLE PCT 1:

The following is the delivery information for Certified Mail™ item number 7190 1037 6610 0000 8186. Our records indicate that this item was delivered on 04/15/2015 at 11:05 a.m. in DALLAS, TX 75201. The scanned image of the recipient information is provided below.

Signature of Recipient :

| Signature | X _Buro Guilia_ |
|-----------|-----------------|
| Printed Name | _Brino Juerera_ |

Address of Recipient :

| Delivery Address | _700 N. Pearl Flr. 25_ |
|------------------|------------------------|

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 201519589



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 4, 2015

Certified Document Number:        65189681 Total Pages:  4

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

4/6/2015 12:29:37 PM
**Chris Daniel - District Clerk**
**Harris County**
**Envelope No: 4769874**
**By: DEWALT, SHERRYL**
Filed: 4/6/2015 12:29:37 PM

## CIVIL PROCESS REQUEST
## 2015-19589 / Court: 152

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition

**FILE DATE OF MOTION:** N/A

                                     Month/     Day/     Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.   NAME: ASI Lloyds

     ADDRESS: 700 North Pearl St., 25th Floor, Dallas, Texas 75201-2825

     AGENT, (if applicable): Rodney D. Bucker

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

     **SERVICE BY** (check one):
         ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
         ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
         ☐ **MAIL**          ☑ **CERTIFIED MAIL**
         ☐ **PUBLICATION:**
             Type of Publication:    ☐ **COURTHOUSE DOOR, or**
                                 ☐ **NEWSPAPER OF YOUR CHOICE:** _____
         ☐ **OTHER,** explain _____

**************************************************************************************

****

2.   NAME: _____

     ADDRESS: _____

     AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

     **SERVICE BY** (check one):
         ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
         ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
         ☐ **MAIL**          ☐ **CERTIFIED MAIL**
         ☐ **PUBLICATION:**
             Type of Publication:    ☐ **COURTHOUSE DOOR, or**
                                 ☐ **NEWSPAPER OF YOUR CHOICE:** _____
         ☐ **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Richard D. Daly         TEXAS BAR NO./ID NO. 00796429

MAILING ADDRESS: Richard Daly Law Firm, 2211 Norfolk, Suite 800, Houston, TX 77098

PHONE NUMBER: 713    655.1405      FAX NUMBER: 713    655.1587
               area code    phone number                 area code    fax number

EMAIL ADDRESS: rdaly@rdalylaw.com

CIVIC108 Revised 9/3/09

Certified Document Number: 64901565 - Page 1 of 2

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
ORDER TO: _____
                              (specify)

MOTION TO: _____
                               (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)


CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)


POSSESSION (PERSON)
POSSESSION (PROPERTY)


SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Certified Document Number: 64901565 - Page 2 of 2

CIVC108 Revised 9/7/00



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 5, 2015

Certified Document Number:        64901565 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com